# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD FERRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16 C 3703 |
| | ) | |
| TRANSWORLD SYSTEMS, INC. | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Richard Ferris' (Ferris) motion for class certification. For the reasons stated below, the motion is granted in part and denied in part.

## BACKGROUND

Ferris alleges that Defendant Transworld Systems Inc. (Transworld) is a debt collector that operates a network of debt collectors. Defendant Convergent Outsourcing Inc. (Convergent) is allegedly a debt collector in Transworld's network. Defendants have allegedly been seeking to collect a debt (Debt) on a student loan for a family member of Ferris. Ferris allegedly acted as a cosigner for the loan. In February 2016, Convergent allegedly sent Ferris a form letter (Letter) seeking to

1

collect the Debt and falsely indicated that the creditor of the debt was "Chase." The

Letter also allegedly falsely listed Transworld's address as the address of the

"original creditor's address." Ferris includes in his complaint claims alleging

violations of 15 U.S.C. § 1692e (Section 1692e) and 15 U.S.C. § 1692g (Section

1692g) of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*

Ferris now moves to certify a class pursuant to Federal Rule of Civil Procedure 23

(Rule 23).


## LEGAL STANDARD

Rule 23 provides in part the following:


(a) Prerequisites. One or more members of a class may sue or be sued as
representative parties on behalf of all members only if:
(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims
or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of
the class.
(b) Types of Class Actions. A class action may be maintained if Rule 23(a) is
satisfied and if:
(1) prosecuting separate actions by or against individual class members would
create a risk of:
(A) inconsistent or varying adjudications with respect to individual class
members that would establish incompatible standards of conduct for the party
opposing the class; or
(B) adjudications with respect to individual class members that, as a practical
matter, would be dispositive of the interests of the other members not parties
to the individual adjudications or would substantially impair or impede their
ability to protect their interests;

2

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action. . . .

Fed. R. Civ. P. 23. A court should certify a class under Rule 23 "if the putative class satisfies all four requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequacy of representation—and any one of the conditions of Rule 23(b)." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). A class action certified under Rule 23 "is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only'" and "[t]o come within the exception, a party seeking to maintain a class action 'must affirmatively demonstrate his compliance' with Rule 23." *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (2013)(quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-701 (1979) and *Wal–Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551-52 (2011)); *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 724 (7th Cir. 2011)(stating that "[c]ertification as a class action can coerce a defendant into

3

settling on highly disadvantageous terms regardless of the merits of the suit," and thus a class can be certified by a court only if the court is convinced *"after a rigorous analysis,* that the prerequisites of Rule 23(a) have been satisfied") (emphasis in original)(internal quotations omitted); *Payton v. County of Kane,* 308 F.3d 673, 677 (7th Cir. 2002)(stating that "a determination of the propriety of class certification should not turn on likelihood of success on the merits"); *Keele v. Wexler,* 149 F.3d 589, 592 (7th Cir. 1998)(stating that "[t]he Federal Rules of Civil Procedure provide the federal district courts with broad discretion to determine whether certification of a class-action lawsuit is appropriate").

## DISCUSSION

Ferris seeks to certify the following class:

> All individuals who were sent a letter by Convergent seeking to collect a student loan allegedly held by a "National Collegiate Trust, " which disclosed that the "current creditor" was "Chase" and whose letters were sent at any time between the period beginning March 28, 2015 and ending April 18, 2016.

(Mem. Cert. 2). Ferris also seeks a subclass that includes all class members who received such a disclosure in the first communication they received from Convergent. (Mem. Cert. 2). Ferris argues that he can meet the requirements under Rule 23(a) and can show under Rule 23(b)(3) that the questions of law or fact common to proposed class members predominate over any questions affecting only

individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. (Mem. Cert. 7, 9).

## I. Standing

Transworld argues that Ferris has failed to show that he has Article III standing to bring his claim in this action. Pursuant to Article III of the Constitution, a federal court can review only "actual 'Cases' and 'Controversies' brought by litigants who demonstrate standing." *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886–87 (7th Cir. 2017). For Article III standing, a plaintiff must establish: (1) "injury in fact," (2) "causation," and (3) "redressability." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). To show an injury in fact, the plaintiff must establish that he "suffered an invasion of a legally protected interest that is 'concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* (internal quotations omitted)(quoting *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016)). For an injury to be concrete, it "must actually exist; it must be real, not "abstract, but not necessarily tangible." *Id.* (internal quotations omitted). In assessing whether an intangible harm qualifies as a concrete injury, it is "important" for a court to consider "both history and Congress' judgment. . . ." *Id.* The court should evaluate "whether the common law permitted suit in analogous circumstances" and the court should also consider guidance from Congress, "recogniz[ing] that Congress is well positioned to identify intangible harms that will

5

give rise to concrete injuries, which were previously inadequate in law. . . ." *Id.*

Transworld contends that Ferris has alleged nothing more than a statutory violation. In *Spokeo*, the Court stated that "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. *Spokeo*, 136 S.Ct. at 1548. The Court in *Spokeo* also stated that "Article III standing requires a concrete injury even in the context of a statutory violation" and that "a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* at 1547-49.

In the instant action, Ferris alleges that Defendants acting as debt collectors provided Ferris with false information relating to the Debt causing an intangible but concrete injury to Ferris. In regard to the common law, Defendants, by allegedly lying to Ferris or misleading Ferris engaged in conduct that could fall within the purview of common law fraud. In regard to guidance from Congress, the alleged false information concerning the identity of a creditor could implicate deceptive conduct by debt collectors that Congress sought to protect against in the FDCPA. The Seventh Circuit has stated that the "FDCPA is designed to protect consumers from the unscrupulous antics of debt collectors, irrespective of whether a valid debt actually exists." *Keele*, 149 F.3d at 594. In Section 1692e, Congress decided to specifically protect consumers from being provided with such false information. 15

6

U.S.C. § 1692e; *see also Lorang v. Ditech Fin. LLC*, 2017 WL 4570797, at *3 (W.D. Wis. 2017)(stating that "the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information" and that "a false statement is a sufficient injury to confer standing to bring a FDCPA claim"); *Marquez v. Weinstein, Pinson & Riley, P.S.*, 2017 WL 4164170, at *3 (N.D. Ill. 2017)(stating that "[t]he FDCPA undoubtedly provides consumers with a concrete interest in receiving accurate information about their debts"). Ferris had a right to know the identity of the current creditor that was claiming that an entitlement to payment. The identity of the current creditor would be material information in regard to the debt collection. It is axiomatic that if you come seeking money on behalf of a third party to collect for a debt, the debtor has a right to know the third party that claims there is a debt and is going to receive the money.

The Court in *Spokeo* also stated that although a technical violation of a statute alone might not suffice, that "does not mean, however, that the risk of real harm cannot satisfy the requirement of concreteness." 136 S.Ct. at 1549. Such a risk of harm is presented in this case. Without knowing the identity of the current creditor, Ferris might have been tricked into paying a debt he did not actually owe or a debt he intended to dispute. Ferris might have also been confused by the false creditor information as to what debt was at issue in the Letter. If confusion by Ferris arose

from the false information, any delay while Ferris investigated the matter to address his concerns could have also resulted in further collection fees and harm to his credit rating. This case does not present a claim based on a harmless procedural error such as listing an incorrect zip code for a party or making a typographical error. Ferris has alleged sufficient facts to show that he suffered a concrete harm and has standing in this matter.

## II. Rule 23(a) Requirements

Ferris argues that he can meet the numerosity, commonality, typicality, and adequacy of representation requirements under Rule 23(a). Defendants do not contest that the numerosity requirement is met in this case and the court agrees that it is met in this case.

### A. Adequacy of Representation

Transworld argues that Ferris is not an adequate class representative. To meet the adequacy of representation requirement, the plaintiff must establish: (1) "the adequacy of the named plaintiff's counsel," and (2) "the adequacy of representation provided in protecting the different, separate, and distinct interest of the class members. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993)(internal quotations omitted)(quoting *Secretary of Labor v. Fitzsimmons*,

805 F.2d 682, 697 (7th Cir. 1986))(stating that "[a] class is not fairly and adequately represented if class members have antagonistic or conflicting claims")(quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)).   Transworld argues that Ferris is not an adequate class representative because he is not seeking actual damages in this case.  The mere fact that Ferris is seeking statutory damages and other putative class members might seek actual damages does not mean that Ferris is an inadequate class representative.  The Seventh Circuit has made clear that differences in damage calculations among class members does not preclude certification.  *See Mullins v. Direct Digital, LLC*, 795 F.3d 654, 671 (7th Cir. 2015)(stating that "[i]t has long been recognized that the need for individual damages determinations at this later stage of the litigation does not itself justify the denial of certification").  In regard to putative class members seeking statutory damages, no conflict would arise.  There is no indication that there would be significant putative class members seeking actual damages and Ferris correctly points out that any class members seeking actual damages and concerned about damage limitations could opt out of the proposed class.  There is no indication that Ferris has any conflict with other putative class members or that Ferris will not vigorously represent the interests of all such class members.  Ferris has shown that he is an adequate class representative.

B.  Commonality and Typicality

Convergent argues Ferris cannot show commonality or typicality.  As long as there is at least "a single common question" among class members, the commonality requirement is satisfied.  *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 755 (7th Cir. 2014)(quoting *Wal–Mart*, 131 S.Ct. at 2556).  However, the commonality requirement "demands more than a showing that the class members 'have all suffered a violation of the same provision of law' at the hands of the same defendant."  *Id.*  The plaintiff must show that "the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members. . . ."  *Id.* at 756 (stating that "[t]he critical point is the need for conduct common to members" and that "[w]here the defendant's allegedly injurious conduct differs from plaintiff to plaintiff, . . . no common answers are likely to be found"); *see also In re IKO Roofing Shingle Products Liability Litigation*, 757 F.3d 599, 602 (7th Cir. 2014)(explaining that "*Wal–Mart* has nothing to do with commonality of damages" and that "[i]t dealt instead with the need for *conduct* common to members of the class, and it concerned Rule 23(a)(2) rather than Rule 23(b)(3)")(emphasis in original).

In the instant action, Convergent argues that there is no commonality among class members because the Section 1692g claims are based upon the Letter being an

initial communication between Convergent and putative class members. Convergent is correct that in order to properly adjudicate the Section 1692g claims, an extensive analysis of communication histories will be required on an individualized basis among putative class members. Testimony will likely be required from each putative class member. In regard the Section 1692g claims, the commonality and typicality requirement is not met. The subclass thus cannot be certified.

In regard to the Section 1692e claims, Convergent argues that issues relating to consumer confusion would require an individual analysis. The mere fact that such issues may be present in this case does not preclude certification. If that were the case, virtually no class could ever be certified in cases such as these and such a result is not envisioned in Rule 23. Ferris has defined the class based upon objective criteria. *See Riffey v. Rauner*, 873 F.3d 558, 563 (7th Cir. 2017)(stating that a "class must be defined based on objective criteria" and that "[c]lasses defined by subjective criteria, such as by a person's state of mind, fail the objectivity requirement")(internal quotations omitted)(quoting *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 659-60 (7th Cir. 2015)). Also, in regard to putative class members seeking statutory damages, consumer confusion would be irrelevant. In regard to the class as a whole, Ferris has shown that his claim is typical of putative class members and that the commonality requirement is met in this case.

III. Rule 23(b)(3) Requirements

Ferris argues in regard to the Rule 23(b) requirements that the questions of law or fact common to proposed class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The Seventh Circuit has explained that "[p]redominance is a qualitative rather than a quantitative concept." *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1085 (7th Cir. 2014)(stating that "[i]t is not determined simply by counting noses: that is, determining whether there are more common issues or more individual issues, regardless of relative importance" and that "the Supreme Court said that the requirement of predominance is not satisfied if 'individual questions . . . overwhelm questions common to the class'")(quoting *Amgen Inc. v. Connecticut Retirement Plans & Trust Funds*,133 S.Ct. 1184, 1196 (2013) and *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). In assessing the predominance requirement, a court must consider "the efficiency of a class action as an alternative to individual suits" and "[i]f resolving a common issue will not greatly simplify the litigation to judgment or settlement of claims of hundred or thousands of claimants, the complications, the unwieldiness, the delay, and the danger that class treatment would expose the defendant or defendants to settlement-forcing risk are not costs worth incurring." *Id.* In order to satisfy the predominance requirement a plaintiff must offer more than a "[m]ere assertion . . . that common issues predominate." *Id.*; *see*

*also Messner v. Northshore University Health System*, 669 F.3d 802, 815 (7th Cir. 2012)(stating that "[a]nalysis of predominance under Rule 23(b)(3) 'begins, of course, with the elements of the underlying cause of action'")(quoting *Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S.Ct. 2179, 2184 (2011)).

In the instant action, there is a common pattern of alleged conduct by Defendants that violated the FDCPA in the same manner. Although all the claims of putative class members are not identical the common facts in this case predominate. The claims of the putative class members can be most efficiently adjudicated in a class action. *See Suchanek v. Sturm Foods, Inc.*, 2017 WL 3704206, at *13 (S.D. Ill. 2017)(stating that "[t]he predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation")(internal quotations omitted)(quoting *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016)). The Rule 23(b)(3) requirement is thus met in this case. Therefore, Ferris' motion for class certification is granted as to the Section 1692e claims is granted and denied as to the Section 1692g claims.

## CONCLUSION

Based on the foregoing analysis, Ferris' motion for class certification is granted as to the Section 1692e claims is granted and denied as to the Section 1692g claims.

Samuel Der-Yeghiayan
United States District Court Judge

Dated:   January 31, 2018